**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DENNIS COX, | : | |
| Plaintiff, | : | Civil No. 05-1750 (SRC) |
| v. | : | |
| | : | **O P I N I O N** |
| DEPARTMENT OF HOMELAND SECURITY, et al., | : | |
| Defendants | : | |

**APPEARANCES**:

    DENNIS COX, # 316858, Plaintiff <u>Pro</u> <u>Se</u>
    Passaic County Jail, 11 Marshal Street
    Paterson, New Jersey 07501

**CHESLER, DISTRICT JUDGE**

    Plaintiff Dennis Cox ("Cox"), confined at the Passaic County Jail in Paterson, New Jersey ("PCJ"), seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915 (1998). Based upon his affidavit of indigence and account statement, this Court will (1) grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff; and (4) direct the agency having custody of the Plaintiff to forward payments from Plaintiff's prison account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the

$250.00 filing fee is paid in full, regardless of the outcome of the litigation.[1]  See 28 U.S.C. § 1915 (a),(b).  Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. § 1915 (e)(2) and 1915A, the Court will dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A (b) (1) for failure to state a claim upon which relief may be granted.

### I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 seeking monetary relief for alleged violation of his rights secured by the Constitution and laws of the United States.[2]  Defendants are the federal Department of Homeland Security, the Monmouth County Correctional Institution, and the Passaic County Jail.  (Compl., Caption.)

Plaintiff asserts the following facts in support of his claims: During his incarceration, from approximately August, 2004 to the present, he has experienced pain in his shoulder due to a fall while playing basketball, and pain and bleeding from a wisdom tooth.  (Compl., ¶ 6 and

---

[1] The Court's Order assesses, but does not require immediate payment of, the filing fee payment.  See 28 U.S.C. §§ 1915(b)(1)(A), 1915(b)(4).  The Court has determined to collect said payment pursuant to 28 U.S.C. § 1915(b)(1) by directing the agency having custody of Plaintiff to deduct it from Plaintiff's prison account, if and when said funds become available.

[2] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

attachment.)  He was given Ibuprofen for pain on several occasions.  (Id.)  Plaintiff continued to experience pain and bleeding, and was given an x-ray that failed to reveal any cause.  (Id.)  He requested an MRI (Magnetic Resonance Imaging), but this request was denied.  (Id.)  When after some months Plaintiff complained that the issued pain-killers were not effective, he was sent to see a dental hygienist, who took X-Rays of his mouth.  (Id.)  According to Plaintiff, he was referred to a surgeon a number of times, but discovered that the INS had refused to permit this.  (Id.)

Plaintiff was transferred to the Monmouth County Correctional Center on or about December 3, 2004.  (Compl., ¶ 6 and attachment.)  He continued to present his medical claims, and one week later, received an X-Ray and was referred to a surgeon.  (Id.)  According to Plaintiff., despite assurances, he has never been able to see a surgeon, and was prescribed more of the pain-killing drugs that proved ineffective at the last institution in which he was incarcerated.  (Id.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court to dismiss an action at any time if a plaintiff is proceeding in forma pauperis and the Court has determined that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A. Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990). The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12 (b) (6) is proper." Robinson v. Fauver, 932 F.

Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In light of these principles, the Court will liberally construe Plaintiff's Complaint as raising an Eighth Amendment claim of deliberate indifference to his serious medical needs on the part of all Defendants.

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff also must assert and prove some causal connection between a Defendant's conduct and the alleged injury in order to recover.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997).  Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior.  Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  The Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28 U.S.C. §§ 1915 (e) (2) (B) and 1915A is warranted.

B. Denial of Medical Care

The Eighth Amendment's prohibition of cruel and unusual punishment obligates prison authorities to provide medical care to inmates. Estelle v.Gamble, 429 U.S. 97, 103 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). In order to recover damages and obtain other relief, Plaintiff must show that Defendants demonstrated "deliberate indifference to [his] serious medical needs." Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988); see Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). He must show (1) that the Defendants were deliberately indifferent to his medical needs and (2) that those needs were serious. Rouse, 182 F.3d at 197; see also Durmer, 991 F.2d at 67; Boring, 833 F.2d at 471. A medical need is serious if it has been diagnosed by a physician as requiring treatment or so obvious that a lay person would easily recognize the necessity for treatment. Monmouth County Correctional Institute Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). "In addition, where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Id. at 347.

Prison officials' actions rise to the level of "deliberate indifference" if reasonable requests for medical care are refused and the inmate is exposed to undue suffering or the threat of tangible residual injury, or if medical treatment is denied or delayed for non-medical reasons. Monmouth County Correctional Institute Inmates, 834 F.2d at 346-47. To demonstrate deliberate indifference, a defendant "[must] know ... of and disregard ... an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference can be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Applying these principles to the instant case, Plaintiff has not set forth facts sufficient to permit an inference that he was treated with deliberate indifference to his serious medical needs. The Complaint reveals that Plaintiff made his situation known to medical personnel, received medication, received X-Rays, and was referred to a dental hygienist. Plaintiff obviously disagrees with the Defendants' actions in the course of medical treatment undertaken. However, a claim under 42 U.S.C. § 1983 cannot be based solely on a prisoner's disagreement with the medical care he received. See Estelle, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (inmate's disagreement with prison personnel over medical judgment does not state a claim for relief under Bivens); Monmouth County Correctional Institute Inmates, 834 F.2d at 346 (mere disagreement about proper medical treatment does not support an Eighth Amendment claim). Under these circumstances, the Complaint, at most shows that Plaintiff may have been the victim of medical negligence; it fails to state a deliberate indifference claim against the Defendants. At most, that Defendants may have been negligent in addressing Plaintiff's medical condition. It is established that "[m]ere medical malpractice cannot give rise to a violation of the Eighth Amendment." White v. Napoleon, 897 F.2d 103, 108 (3d Cir. 1990) (citing Estelle, 429 U.S. at 106). Because disagreement and negligence simply do not rise to the level of deliberate indifference, Plaintiff has not stated a cognizable claim entitling him to relief, and the Complaint will be dismissed without prejudice.

### III. CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and dismiss the Complaint

An appropriate Order accompanies this Opinion.

                                          s/Stanley R. Chesler
                                        **STANLEY R. CHESLER**
                                      **UNITED STATES DISTRICT JUDGE**

**DATED:    June 21, 2005**